JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Malibu Media, LLC

## DEFENDANTS
Matthew Johnston

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fiore & Barber, LLC, 425 Main Street, Suite 200, Harleysville, PA, 19438
(215) 256-0205

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. §101
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 7/21/12
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 31356 Broad Beach Road, Malibu, CA 90256

Address of Defendant: 61 Llanfair Road, Apt. 3, Ardmore, PA 19003

Place of Accident, Incident or Transaction: All infringements occurred within this jurisdictional district.
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Christopher P. Fiore, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/21/12   _____ Attorney-at-Law   83018 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____ Attorney-at-Law   _____ Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 31356 Broad Beach Road, Malibu, CA 90256

Address of Defendant: 61 Llanfair Road, Apt. 3, Ardmore, PA 19003

Place of Accident, Incident or Transaction: All infringements occurred within this jurisdictional district.
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Christopher P. Fiore, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/21/10    _____(signature)_____    83018
                 Attorney-at-Law                                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  _____  _____
                       Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Malibu Media, LLC | : | CIVIL ACTION |
| v. | : | |
| Matthew Johnston | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 7/21/12 | Christopher P. Fiore | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 256-0205 | (215) 256-9205 | CFiore@FioreBarber.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------X
                                          :
MALIBU MEDIA, LLC,                        :
                                          :   Civil Action No. _____
              Plaintiff,                  :
                                          :
       vs.                                :
                                          :
MATTHEW JOHNSTON,                         :
                                          :
              Defendant.                  :
                                          :
-----------------------------------------------------------------X
```

## COMPLAINT-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGMENT

Plaintiff, Malibu Media, LLC, by and through its counsel, Fiore & Barber, LLC, sues Matthew Johnston, and alleges:

### Introduction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's Internet service was used to illegally distribute each of the copyrighted movies set forth on Exhibit "A."

3. Plaintiff is the registered owner of the copyrights set forth on Exhibit "A" (the "Copyrights-in-Suit.")

1

## Jurisdiction And Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5. The Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in this State, and (i) Defendant resides in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

## Parties

7. Plaintiff, Malibu Media, LLC, is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 31356 Broad Beach Road, Malibu, CA 90265.

8. Defendant, Matthew Johnston, is an individual who is a resident of the state of Pennsylvania. As set forth on Exhibit A, Defendant's IP address is 71.224.201.88.

9. Defendant's Internet Service Provider, set forth on Exhibit A, can identify the

Defendant.

## Factual Background

### I. *Defendant Used BitTorrent To Infringe Plaintiff's Copyrights*

10. BitTorrent is one of the most common peer-to-peer file sharing protocols used for distributing large amounts of data.

11. The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

12. Each of the peers in a BitTorrent swarm distributes pieces of the file to each other.

13. After a peer receives all of the pieces of a file, the peer's BitTorrent software program reassembles the pieces so that the file may be opened and used or played.

14. Each piece of BitTorrent file is assigned a unique cryptographic hash value.

15. The cryptographic hash value acts as a unique digital fingerprint to ensure a piece of the data belongs in a particular BitTorrent file.

16. Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the IP address set forth on Exhibit A on each of the hit dates set forth on Exhibits A and B. See Declaration of Tobias Fieser, attached hereto as Exhibit C.

17. Each of the pieces of data received by IPP Limited, as set forth on Exhibit A, contains a unique cryptographic hash value.

18. Cryptographic hash values act as digital fingerprints to ensure that data belongs to

a particular BitTorrent file.

19. Each of the cryptographic hash values set forth on a row of Exhibit A correlates to that certain copyrighted movie owned by Plaintiff identified on that row of Exhibit A, and the Copyright Registration Number on that row.

20. Each of the pieces of data distributed by Defendant to IPP Limited as set forth on Exhibit A is part of a computer file containing a copy of a movie covered by a Copyright-In-Suit which is identical (or alternatively, strikingly similar or substantially similar) to the movie covered by the Copyright-In-Suit. Indeed, the infringement was verified by viewing the copy of the movie contained in the computer file associated with the cryptographic hash value to the movie that was registered.

21. For each Copyright-in-Suit, the most recent date and time (the "hit date"), (in undersigned's possession when this Complaint was drafted), on which IPP recorded Defendant's IP Address being used to distribute to IPP Limited a piece of a computer file containing the infringing movie is set forth on Exhibit A.

22. A chart correlating hit dates to titles and registration numbers is set forth on Exhibit B. As recorded by IPP Limited, Exhibit B sets forth all of the hit dates (in undersigned's possession when this Complaint was drafted) associated with all of Defendant's infringing distributions of pieces of computer files containing copies of the movies covered by the Copyrights-In-Suit.

23. As the subscriber of the Internet service being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer. Consequently, Plaintiff hereby alleges Defendant is the infringer.

24. Defendant is the only person who can be identified as the infringer at this time.

4

### Miscellaneous

25. All conditions precedent to bringing this action have occurred or been waived.

26. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

### COUNT I
### Direct Infringement Against Defendant

27. The allegations contained in paragraphs 1-26 are hereby re-alleged as if fully set forth herein.

28. Plaintiff is the owner of the Copyrights-in-Suit, each of which covers an original work of authorship.

29. By using the BitTorrent protocol, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

30. Plaintiff did not authorize, permit or consent to Defendant's copying of its works.

31. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the

works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

32. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

33. Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B) Order that Defendant delete and permanently remove the torrent files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(C) Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(D) Award Plaintiff the greater of: (a) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or (b) statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

                                          Respectfully submitted,

                                          FIORE & BARBER, LLC

By: _____
                                        Christopher P. Fiore, Esquire
                                        Aman M. Barber, III, Esquire
                                        Attorneys for Plaintiff
                                        425 Main Street, Suite 200
                                        Harleysville, PA 19438
                                        Tel: (215) 256-0205
                                        Fax: (215) 256-9205
                                        Email: cfiore@fiorebarber.com

**Defendant: Matthew Johnston**

**IP:** 71.224.201.88
**ISP:** Comcast Cable
**Location:** Ardmore, PA

| Title | Hash | Date First Pub | Regis Date | Infringement Date |
|---|---|---|---|---|
| Girls Night Out | 3B39460ABF5377A5830F532935B590D40086B834 | 11/14/2011 | 11/23/2011 | 12/04/2011 21:48:46 |
| Veronica Wet Orgasm | 59448198C43090645093E37289900D8EBB4D4D04 | 10/05/2011 | 11/23/2011 | 12/04/2011 21:48:52 |
| The Rich Girl Part #2 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | 11/16/2011 | 11/30/2011 | 12/11/2011 23:01:22 |
| Anneli Leila Menage A Trois | 5BAAC90BABA744EB25F86F9E2971E2017298C1F9 | 01/13/2012 | 01/17/2012 | 01/14/2012 19:56:06 |
| Silvie Eufrat Strip Poker | 38B29045632EB116F6BD4FFAA96ED0E62F9A9BE4 | 02/06/2012 | 02/17/2012 | 02/25/2012 16:44:28 |
| Lunchtime Fantasy | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | 03/19/2012 | 03/19/2012 | 03/25/2012 05:31:23 |

**Total Statutory Copyright Infringements for Defendant Matthew Johnston: 6**

EPA110

EXHIBIT A

## Defendant: Matthew Johnston

**IP:** 71.224.201.88
**ISP:** Comcast Cable
**Location:** Ardmore, PA

| IP | Hash | Title | Infringement Date UTC |
|---|---|---|---|
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 19:38:38 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 19:40:09 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 19:40:42 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 20:43:20 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 20:43:53 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 20:44:47 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 20:44:56 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 20:50:11 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 21:00:24 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 21:45:13 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 21:46:15 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 21:46:29 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 21:46:41 |

| IP | Hash | Title | Infringement Date UTC |
|---|---|---|---|
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 21:47:00 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 21:47:44 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 21:48:34 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 21:48:44 |
| 71.224.201.88 | 3B39460ABF5377A5830F532935B590D40086B834 | Girls Night Out | 12/04/2011 21:48:46 |
| 71.224.201.88 | 59448198C43090645093E37289900D8EBB4D4D04 | Veronica Wet Orgasm | 12/04/2011 21:48:52 |
| 71.224.201.88 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/11/2011 22:28:50 |
| 71.224.201.88 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/11/2011 23:00:08 |
| 71.224.201.88 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/11/2011 23:00:47 |
| 71.224.201.88 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/11/2011 23:01:22 |
| 71.224.201.88 | 5BAAC90BABA744EB25F86F9E2971E2017298C1F9 | Anneli Leila Menage A Trois | 01/14/2012 19:14:55 |
| 71.224.201.88 | 5BAAC90BABA744EB25F86F9E2971E2017298C1F9 | Anneli Leila Menage A Trois | 01/14/2012 19:56:06 |
| 71.224.201.88 | 38B29045632EB116F6BD4FFAA96ED0E62F9A9BE4 | Silvie Eufrat Strip Poker | 02/25/2012 16:43:01 |
| 71.224.201.88 | 38B29045632EB116F6BD4FFAA96ED0E62F9A9BE4 | Silvie Eufrat Strip Poker | 02/25/2012 16:43:50 |
| 71.224.201.88 | 38B29045632EB116F6BD4FFAA96ED0E62F9A9BE4 | Silvie Eufrat Strip Poker | 02/25/2012 16:44:19 |
| 71.224.201.88 | 38B29045632EB116F6BD4FFAA96ED0E62F9A9BE4 | Silvie Eufrat Strip Poker | 02/25/2012 16:44:28 |

EXHIBIT B

EPA110

| IP | Hash | Title | Infringement Date UTC |
|---|---|---|---|
| 71.224.201.88 | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | Lunchtime Fantasy | 03/25/2012 04:37:19 |
| 71.224.201.88 | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | Lunchtime Fantasy | 03/25/2012 05:30:04 |
| 71.224.201.88 | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | Lunchtime Fantasy | 03/25/2012 05:31:02 |
| 71.224.201.88 | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | Lunchtime Fantasy | 03/25/2012 05:31:23 |

EXHIBIT B

EPA110

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------X
MALIBU MEDIA, LLC,                            :
                                              :
                      Plaintiff,              :   Civil Action No. _____
                                              :
        vs.                                   :
                                              :
MATTHEW JOHNSTON,                             :
                                              :
                      Defendant.              :
                                              :
-----------------------------------------------------------------X

## DECLARATION OF TOBIAS FIESER

**I, TOBIAS FIESER, HEREBY DECLARE:**

1. My name is Tobias Fieser.

2. I am over the age of 18 and am otherwise competent to make this declaration.

3. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

4. I am employed by IPP, Limited ("IPP"), a company organized and existing under the laws of Germany, in its litigation support department.

5. Among other things, IPP is in the business of providing forensic investigation services to copyright owners.

6. As part of my duties for IPP, I routinely identify the Internet Protocol ("IP") addresses that are being used by those people that are using the BitTorrent protocol to reproduce, distribute, display or perform copyrighted Works.

7. An IP address is a unique numerical identifier that is automatically assigned to an internet user by the user's Internet Service Provider ("ISP").

1

EXHIBIT C

8. ISPs keep track of the IP addresses assigned to their subscribers.

9. Only the ISP to whom a particular IP address has been assigned for use by its subscriber can correlate the IP address to a real person, the subscriber of the internet service.

10. From time to time, a subscriber of internet services may be assigned different IP addresses from their ISP. Accordingly, to correlate a person with an IP address the ISP also needs to know when the IP address was being used.

11. Many ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time.

12. Plaintiff retained IPP to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

13. IPP tasked me with implementing, monitoring, analyzing, reviewing and attesting to the results of the investigation.

14. During the performance of my duties, I used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

15. INTERNATIONAL IPTRACKER v1.2.1 was correctly installed and initiated on a computer server.

16. I personally extracted the resulting data emanating from the investigation.

17. After reviewing the evidence logs, I isolated the transactions and the IP addresses being used on the BitTorrent peer-to-peer network to reproduce, distribute, display or perform Plaintiff's copyrighted works associated with the Unique Hash number.

18. The information set forth on Exhibits A and B to the Complaint accurately states

the results of IPP's investigation of the infringement committed by the Defendant in this case.

19. On each "hit date" listed on Exhibits A and B a computer using the IP address assigned to Defendant connected to IPP's investigative server and transmitted a full copy, or portion thereof, of a digital media mile identified by the Unique Hash Numbers that correlate to the Works covered by the Copyrights-In-Suit which are set forth on Exhibit C to the Complaint.

20. IPP's software analyzed each BitTorrent "piece" distributed by Defendant's IP address and verified that reassembling the piece(s) using a specialized BitTorrent Client results in fully playable digital motion pictures.

21. I was provided with control copies of the Works covered by the Copyrights-In-Suit. I viewed the Works side-by-side with the digital media files identified by those Unique Hash Numbers which correlate to the copies of the works covered by the Copyrights-In-Suit and determined that each of the digital media files contained a movie that is identical, striking similar or substantially similar to the Works covered by the Copyrights-In-Suit..

22. Once provided with Defendant's IP address, plus the date and time of the detected and documented infringing activity, Defendant's ISP can use its subscriber log to identify the name, address, billing address, email address and phone number of the Defendant.

**FURTHER DECLARANT SAYETH NAUGHT.**

### DECLARATION

**PURSUANT TO 28 U.S.C. § 1746,** I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of July, 2012.

**TOBIAS FIESER**

By: _____

3

EXHIBIT C